IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARLOS MUHAMMAD, CA-8079, )
    Plaintiff, )
     )
    v. ) Civil Action No. 06-93 J
     )
JEFFREY A. BEARD, et al., )
    Defendants. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment (Docket No.18), be treated as a motion for summary judgment; that the motion be granted, and that judgment be entered accordingly.

II. Report:

Presently before the Court for disposition is the defendants' motion to dismiss or in the alternative for summary judgment.

Carlos Muhammad, an inmate at the State Correctional Institution at Somerset has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis. In his complaint, Muhammad complains about being exposed to second hand smoke at the institution. He contends that he raised this issue with his institutional unit manager, Orr, and the Superintendent, Rozum, to no avail. These facts are said to state a cause of action under the provisions of 42 U.S.C. 1983 and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as defendants and movants here

are the Secretary of the Department of Corrections, the institutional Superintendent and the unit manager.

It is provided in 42 U.S.C. §1983 that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Where in reviewing a motion to dismiss, matter beyond the complaint are considered by the court, the motion is treated as one for summary judgment. F.R.Civ.P. 12(b)(6). Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995).

In support of their motion, the defendants have submitted the declaration of Tracy Pollock who is an Administrative Officer in the Grievance Review Office of the Department of Corrections.[1] In that declaration, Ms. Pollock stats that she has reviewed the plaintiff's grievance records; that while she is unaware of whether or not he proceeded at the institutional level, there is nothing in the records demonstrating that he fully pursued the administrative grievance process in that he did not appeal to the Secretary's Office as required for exhaustion.

The Prison Litigation Reform Act provides in 42 U.S.C. § 1997(e)(a) that:

---

[1] See: Exhibit A to the motion.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See: Santana v. United States, 98 F.3d 752 (3d Cir. 1996). Pennsylvania provides such a mechanism.[2] This requirement also has a procedural default component. Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004).

Although provided with an opportunity to do so, the plaintiff has not opposed the granting of the instant motion.

Because, there is nothing in the record to rebut the defendants' representation that the plaintiff has failed to exhaust the available administrative remedies, a procedural default has occurred and his complaint here is subject to dismissal.

In addition, copies of the plaintiff's medical records have been submitted, and they fail to demonstrate that the plaintiff suffered any ill effects from the second hand smoke exposure.[3]

Finally, we note that the complaint does not allege any acts of omission or commission by defendant Beard, and thus any attempt to impose liability upon him must be based on a theory of respondeat superior, a concept which does not support §1983 liability. C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198 (3d Cir.2000), cert. denied 533 U.S. 915 (2001).

Accordingly, it is recommended that the present motion be treated as a motion for summary judgment; that it be granted and that judgment be entered accordingly.

Within thirteen (13) days after being served, any party may serve and file written

---

[2] See: Administrative Directive 804.

[3] See: Exhibit B to the motion.

3

objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | s/Robert C. Mitchell, |
| Entered: October 19, 2006 | United States Magistrate Judge |